**6**

In re FRECKLES, LTD., Debtor.

FRECKLES, LTD., Plaintiff,

v.

MANUFACTURERS HANOVER TRUST COMPANY, Defendant.

No. 885–51338–20.
Adv. No. 886–0023.

United States Bankruptcy Court,
E.D. New York,
at Westbury.

Feb. 12, 1986.

Schwartz, Sachs & Kamhi, P.C., Carle Place, N.Y.

Michael H. Ganz, Hicksville, N.Y.

### DECISION

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard on the motion of Freckles, Ltd. for a preliminary injunction against Manufacturers Hanover Trust Company's (hereinafter MHT) termination of its credit card contract. The court hereby orders that MHT continues to honor its contract with debtor for credit services pending the outcome of the underlying adversary proceeding in this case, provided that debtor provide to MHT the sum of $4000.00 as security.

### FACTS

1. In August, 1984, debtor entered into a contract with European American Bank (hereinafter EAB) which required EAB to transfer money to debtor's bank account upon debtor's submission to EAB of retail credit card sales receipts. In turn, debtor authorized EAB to collect the sums due for each credit card consumer's purchases from the bank that issued the consumer's credit card.

2. In June of 1985, EAB assigned its contract with debtor to MHT.

3. On August 11, 1985, debtor filed a petition for bankruptcy.

4. On December 27, 1985, MHT informed debtor that because debtor had filed for bankruptcy it would terminate the subject credit card contract on January 26, 1985 to avoid exposure to liability from "charge backs".[1]

5. On January 15, 1986 this court granted debtor an order restraining MHT from terminating its contract with EAB before a hearing on a preliminary injunction.

---

**1.** Charge backs occur most frequently when a store issues a credit slip for returned merchandise. For example, in this case debtor receives payment from MHT as soon as it sends a charge receipt to the bank. If the debtor later issues a credit slip to the customer, MHT has to collect the money it already paid the debtor on account of the charge receipt. Charge backs also occur due to fraudulent use of credit cards, etc.

## DISCUSSION

Bankruptcy Rule 7065 incorporates Federal Rule of Civil Procedure 65 for determination of requests for provisional remedies. Rule 65 provides that a preliminary injunction may be granted:

1) to prevent immediate and irreparable harm that will result to the applicant in the absence of an injunction; and

2) if the applicant provides security:

"... in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

In this case, debtor states that it will suffer irreparable harm from termination of its credit card agreement because about one half of its sales are credit card sales. Further, debtor states that it has offered to deposit $4,000 as security for damages that may result to the bank from the imposition of an injunction, despite the fact that it has never experienced a charge back. In opposition, MHT disputes only the possible damages. MHT contends that since (1) debtor obtains approximately $4,000 per month from MHT as payments for credit card purchases; and since (2) it takes as long as six months for a charge back to be realized, that debtor should make a deposit to cover possible damages of approximately $24,000.

The court finds that debtor's offer of $4,000 as deposit is more than reasonable. MHT offered no evidence to substantiate its purported exposure to liability, and in the absence of credible evidence, the court finds it ridiculous to believe that every single charge made by a costumer for six months need be secured by the debtor. In the first instance, it is not forseeable at this stage in the case that the adversary proceeding will last six months. Second, even if the case does last six months, the debtor has yet to make a single charge back since opening its business years ago. Therefore, in the absence of fraud by the debtor, a nominal bond would probably be sufficient to cover forseeable losses.

The debtor has suggested that a $4,000 bond is reasonable and the court agrees. If MHT, from time to time during the pendancy of the adversary proceeding believes that the bond needs to be increased, the court will entertain its requests.

Debtor shall settle an order in accordance with this decision.